IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRY L. ROSS                                                                                          PLAINTIFF

v.                                          Civil No. 4:19-cv-04028

SHERIFF WOLCOX, Sevier County,
Arkansas; NURSE S FLOUNAY, LPN
Sevier County Jail; and DR. WILLIAM
BARR                                                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Terry L. Ross pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to provide an accurate address for service on Defendant Dr. William Barr. After careful consideration, the Court makes the following Report and Recommendation.

### BACKGROUND

Plaintiff Terry L. Ross filed his complaint in this matter *pro se* on March 5, 2019 in the Eastern District of Arkansas. (ECF No. 2). On March 7, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 3). After Dr. William Barr was identified as the "Supervising 'off-cite' Medical Official/Sevier Co. Jail, Dequeen Medical Center" as described in Plaintiff's Complaint on April 18, 2019, the Court ordered service on Defendant Barr at the DeQueen Medical Center, 1306 W. Collin Raye Drive, DeQueen, Arkansas 71832. (ECF No. 15). On May 6, 2019, the Court received notice the summons was returned executed because the green card had been signed by an individual at the DeQueen hospital. (ECF No. 17).

However, on June 12, 2016, the Court received notice that Defendant Barr was no longer employed at the hospital and that the summons had not been served on him. (ECF No. 18). A second attempt to serve Defendant Barr in person was made by the US Marshal's service. Defendant Barr could not be located. (ECF No. 23). To date, Defendant Barr has not been served.

On June 21, 2019, Plaintiff filed a Motion for Default Judgment against Defendant Barr. (ECF No. 24). The Court denied Plaintiff's motion and ordered him to provide an accurate address for service on Defendant Barr on or before July 12, 2019. (ECF No. 26). In this order Plaintiff was informed that failure to provide an address for service on Defendant Barr by the Court's imposed deadline would result in the dismissal of Defendant Barr as a party. *Id.* at p. 2. To date, Plaintiff has not provided an address for service on Defendant Barr and the order sent to Plaintiff has not been returned an undeliverable.

## APPLICABLE LAW

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process, and perform all duties in such cases". 28 U.S.C. § 1915(d). Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed or the Court must dismiss the complaint or order service be made within a specified time. However, if the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the court has the discretion to either dismiss the action, or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998). Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is

ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## DISCUSSION

Plaintiff filed his complaint in this case on March 8, 2019. (ECF No. 2.) The Court has given Plaintiff more than thirty days to provide the Court with an accurate address for service on Defendant Barr. Despite two attempts by the United States Marshal Service, Defendant Barr has not been located for service. Accordingly, I recommend the case against Defendant Barr be dismissed.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** against Defendant Dr. William Barr.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of July 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE