IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRY L. ROSS                                                                        PLAINTIFF


v.                                        Civil No. 4:19-cv-4028


SHERIFF WOLCOX, Sevier County,
Arkansas; and NURSE S FLOUNAY,
LPH Sevier County Jail                                                              DEFENDANTS

## **ORDER**

     Currently before the Court is Plaintiff Terry L. Ross's failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on March 5, 2019 in the Eastern District of Arkansas. (ECF No. 2). On March 8, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4).

     On January 10, 2020, Defendant Sheriff Wolcox filed a Motion for Summary Judgment. (ECF No. 44). That same day, the Court entered an order directing Plaintiff to file a response to the motion by February 3, 2020. (ECF No. 47). The order informed Plaintiff that failure to timely and properly comply with the order would subject this case to dismissal. To date, Plaintiff has not complied with the Court's order to file a response and that order has not been returned to the Court as undeliverable.[1]

     On February 7, 2020, the Court entered an order directing Plaintiff to show cause by February 17, 2020, as to why he failed to respond to Defendant Wolcox's summary judgment motion or this case would be dismissed without prejudice. (ECF No. 53). To date, Plaintiff has not responded as directed and the order has not been returned as undeliverable.

---

[1] On January 27, 2020, the Court granted Plaintiff's motion for an extension of time to respond to the summary judgment filed by Defendant Flournay. (ECF No. 51). Plaintiff's response was due on February 18, 2020. To date, Plaintiff has not filed a response.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey orders of the Court. None of the orders have been returned to the Court as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge